PHILLIP A. TALBERT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Email: jeffrey.lodge@usdoj.gov

Attorneys for the United States Department of Education

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BRENDA L. SMITHEY,<br><br>Debtor, | Case No. 21-21372-13-C<br>Chapter 13 |
| BRENDA L. SMITHEY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adv. Proceeding No. 22-02021-A<br><br>**ANSWER** |

The United States Department of Education ("Education"), by and through the United States Attorney for the Eastern District of California, answers the Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(8). Education specifically denies each and every allegation not hereinafter specifically admitted. Responding to the corresponding numbered paragraphs of the complaint, Education answers as follows:

///

///

## JURISDICTION

1. These are jurisdictional allegations to which no response is required. To the extent a response is required, the allegations are denied. Student loans are presumed not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8).

2. These are jurisdictional allegations to which no response is required. Plaintiff has failed to address Fed.R.Bank.P. 7008. Education does consent to entry of final orders or judgment by the Bankruptcy Court regarding its student loans.

## FACTUAL ALLEGATIONS

3. Education is without sufficient knowledge or information to form a belief about the factual averments and denies the allegations.

4. Education admits that the Plaintiff is indebted for student loans and that it filed a proof of claim in this case.

5. Education is without sufficient knowledge or information to form a belief about the factual averments and denies the allegations.

## FIRST CAUSE OF ACTION

6. Student loans are presumed not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8) and Education denies that the plaintiff can satisfy the applicable legal standard. Education is without sufficient knowledge or information to form a belief about the factual averments and denies the allegations. Education denies that attorneys fees are available to the Plaintiff in this case.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The complaint fails to state a claim upon which relief can be granted. The complaint does not satisfy the pleading requirements of Rule 8 or the plausibility requirements of Rule 12(b) as they are incorporated by the Federal Rules of Bankruptcy Procedure.

///

///

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administratively)

Plaintiff failed to adequately avail herself of the repayment options available through the United States Department of Education, including deferment, forbearance, cancellation, and extended, graduated, income-contingent and income sensitive repayment options.

## THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

Education reserves the right to assert additional affirmative defenses as their applicability is discovered throughout this case.

WHEREFORE, Education prays that plaintiff take nothing by reason of her complaint, that judgment be entered in favor of Education, and for such other relief as the Court deems proper.

Dated: May 16, 2022　　　　　　　　　　　Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: /s/Jeffrey J. Lodge
Jeffrey J. Lodge
Assistant U.S. Attorney
Attorneys for the United States